U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN - 3 2013

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,      §
                               §
VS.                            §   NO. 4:12-CV-678-A
                               §   (NO. 4:10-CR-050-A)
JOSE JESUS HORTA-FIGUEROA,      §
                               §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on to be considered the motion of Jose Jesus Horta-
Figueroa ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set
aside, or correct sentence.  Having reviewed the motion, the
record, the government's response, movant's reply, and applicable
legal authorities, the court concludes that none of the grounds
has merit and the motion should be denied.

I.

<u>Background</u>

Movant pleaded guilty to one count of conspiring to possess
with intent to distribute 50 or more grams of methamphetamine, in
violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).  He
was sentenced to 262 months imprisonment and five years of
supervised release.  The Fifth Circuit affirmed his conviction
and sentence, <u>United States v. Horta-Figueroa</u>, 430 F. App'x 297
(5th Cir. 2011), and movant did not seek certiorari review from

the Supreme Court.  Movant timely filed his Section 2255 motion,

the government filed a response, and movant filed a reply.

On April 20, 2010, movant signed a factual resume, which

contained facts related to his offense, including the statutory

penalties for the offense: five to forty years imprisonment, a

fine of $2,000,000, supervised release of at least four years,

and forfeiture of money and property.  The factual resume recited

the elements of the offense, and informed movant that the

government would be required to prove each element beyond a

reasonable doubt to a jury if movant were to go to trial.

At movant's rearriangment on May 4, 2010, movant testified

that the factual resume had been read to him in his native

language, that he understood "exactly what it said," and that he

had discussed it with his attorney and understood its legal

meaning.  Rearraignment Tr. at 44.  The court reviewed each

element with movant, and reminded movant that the government

would have to prove each element of the offense for movant to be

found guilty.  Id. at 44-45.  The court also reiterated to movant

that by pleading guilty, he was subjecting himself to a term of

imprisonment of at least five years and up to forty years, plus a

term of supervised release between four years and a lifetime,

plus a potential fine of $2,000,000, a special assessment of

$100, and forfeiture of money and property.   Id. at 48-49.   The court asked movant if he understood that by pleading guilty, he was subjecting himself to such penalties, as movant answered that he understood.   Id. at 50.   The court also informed movant, among other things, that movant had the right to plead not guilty and proceed to trial, that movant had the right to the assistance of an attorney at all stages of the proceedings, and that the government was required to prove movant's guilt beyond a reasonable doubt.   Id. at 12-13.

## II.

### Grounds of the Motion

Movant identified four grounds for relief in his motion: (1) that his plea was not knowingly, voluntarily, and intelligently entered; (2) that the court's "comments show a clear bias towards [movant], and his sentence was based on his ethnicity, race and nationality;" (3) that the court abused its discretion in applying sentencing enhancements and "miscalculating" movant's base offense level, and movant's attorney was ineffective for failing to object and appeal such actions; and (4) that "[c]ounsel violated [movant's] right to effective assistance of counsel."[1]   Mot. at 5-9.

---

[1] Movant's fourth ground is essentially a summary of his first three grounds, alleging that his
(continued...)

3

III.

Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033,

---

[1](...continued)
attorney allowed movant to be sentenced improperly and failed to object to the issues raised in movant's other grounds. In movant's memorandum of law, he discusses only the first three claims, inserting ineffective assistance of counsel into parts of those claims. Therefore, the court addresses the three claims as set forth in movant's memorandum.

1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974).  Further, if
issues "are raised and considered on direct appeal, a defendant
is thereafter precluded from urging the same issues in a later
collateral attack."  Moore v. United States, 598 F.2d 439, 441
(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515,
517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

       To prevail on an ineffective assistance of counsel claim,
movant must show (1) that his counsel's performance fell below an
objective standard of reasonableness and (2) that there is a
reasonable probability that, but for his counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs
of the Strickland test must be met to demonstrate ineffective
assistance.  Id. at 697.  Further, "[a] court need not address
both components of an ineffective assistance of counsel claim if
the movant makes an insufficient showing on one."  United States
v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood
of a different result must be substantial, not just conceivable,"
Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant
must prove that counsel's errors "so undermined the proper

5

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

C. <u>Movant's Claim that Guilty Plea Was not Entered Knowingly, Voluntarily, and Intelligently</u>

Movant claims that the court violated Rule 11 of the Federal Rules of Criminal Procedure, and as a result he did not enter his guilty plea knowingly, voluntarily, or with an understanding of the consequences of his plea. Memo. at 2-3. However, the record fails to support movant's contention. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." <u>Id.</u> (internal citations omitted). The defendant's

6

representations, as well as those of his lawyer and the
prosecutor, and any findings by the judge in accepting the plea,
"constitute a formidable barrier in any subsequent collateral
proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).
Solemn declarations in open court carry a strong presumption of
truthfulness, and a defendant bears a heavy burden to show that
the plea was involuntary after testifying to its voluntariness in
open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir.
1994).

First, movant contends that the court omitted the phrase
"beyond a reasonable doubt" at movant's rearraignment when
explaining to movant what the government would be required to
prove for a jury to find movant guilty of the charged offense.
The court said to movant:

> Defendant Horta, you have heard me go over facts the
> government would have to prove to the jury to cause a
> person to be convicted of the one-count indictment in
> this case. Do you understand those are the things the
> government has to prove to cause you to be convicted if
> you were to persist in your plea of not guilty?

Rearraignment Tr. at 47-48. Movant responded, "Yes, sir," and
went on to admit that all of such facts existed as to him. Id.
Additionally, the court had told him at the beginning of his
rearraignment that the government would have to prove his guilt
beyond a reasonable doubt, and he acknowledged that he understood

at that time. <u>Id.</u> at 13.  Moreover, the factual resume, which had been read to him in Spanish and which movant testified he fully understood, also informed movant that the government had the burden to prove each element of the offense beyond a reasonable doubt.  <u>Id.</u> at 44.  Accordingly, it is clear that movant understood that the government was required to prove his guilt beyond a reasonable doubt.

The next Rule 11 error movant alleges is that the court failed to explain to him that counsel would be provided if a defendant could not afford to hire an attorney.  Memo. at 3. Such an allegation has no merit.  It is reflected in the record that movant had assistance of counsel throughout the prosecution of his case, and movant was also informed by the court at his rearraignment that he had the "right to have the assistance of an attorney in your defense at all stages of the proceedings.  If necessary, an attorney will be appointed to represent a defendant who does not have an attorney."  Rearraignment Tr. at 12.  Movant does not contend that he lacked counsel at any point during his defense.

The third error movant alleges is that, during his rearraignment, the court incorrectly explained the punishment he was subjecting himself to by pleading guilty.  Memo. at 3-4. Movant contends that, during his rearraignment, the court

informed his that his punishment must be at least five years and
could be as long as four years.   However, movant quotes from an
incorrect transcript.   The record reflects that the transcript
from which movant quotes was originally filed on October 30,
2010; however, a corrected transcript was filed on April 14,
2011, which shows that the court did indeed inform movant that he
could be sentenced up to forty years imprisonment, among other
penalties.[2]   Rearraignment Tr. at 48.   Additionally, the court
once again notes that movant signed the factual resume, testified
in court that he understood "exactly" what it said and meant, and
was explicitly informed by such factual resume that he faced five
to forty years imprisonment.   Thus, prior to even entering the
courtroom for his rearraignment, movant was well aware that his
sentence would be in the five-to-forty-year range, not a four-to-
five year range, and the court did not mistakenly inform him that
he would receive a sentence of only four to five years.

Movant also contends that the court was mistaken in
determining the proper range of his sentence, as he believes that
the offense he pleaded guilty to only carried a maximum sentence
of ten years imprisonment, and that the court incorrectly
informed him that he could be subject to a lifetime term of

_____

[2] In the corrected transcript, the word "forty" appears where the word "four" had originally
appeared.

9

supervised release.  First, under 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B)(viii), a person who possesses with intent to

distribute 50 grams or more of a substance containing a

detectable amount of methamphetamine is subject to a term of

imprisonment between five and forty years.  Second, longer terms

of supervised release under 21 U.S.C. § 841, including lifetime

supervised release, control over lesser maximum terms provided in

18 U.S.C. § 3583(b).  See United States v. Jackson, 559 F.3d 368,

370 (5th Cir. 2009).  Accordingly, the court correctly advised

movant of his maximum potential sentence and term of supervised

release.  Movant states that his attorney failed to object to the

court's calculation of the offense level, and therefore was

ineffective; however, any such objection would have been

meritless.  See Clark v. Collins, 19 F.3d 959, 966 (5th Cir.

1989) ("Failure to raise meritless objections is not ineffective

lawyering; it is the very opposite.").

C.   Movant's Claim of Bias in the Length of his Sentence

Movant claims that the court's statements and questions

regarding the source of the drugs and the connection of movant

and his co-conspirators to the "La Familia" drug-trafficking

cartel "created the appearance that the length of sentence was

based on [movant's] ethnic origin and alien status . . .

requiring the vacation of [his] sentence."  Memo. at 8.  Movant

10

also claims that his attorney was ineffective for failing to raise the issue on direct appeal.  Id.  Movant points to the court's questioning of task-force officer Jeff Brantley, who testified that the drugs came from Mexico, that the conspirators in the case were connected to "La Familia," and that the drugs were to be distributed for "La Familia."  Sentencing Tr. at 19-20.  The court noted the importance of deterring others from extending such drug business into the United States and engaging in drug trafficking, which movant apparently took to mean that the court harbored bias against individuals of Mexican descent and sentenced such individuals accordingly.  Sentencing Tr. at 39-40; memo. at 9.

The court was well within its discretion to seek to ensure that its sentence of movant would adequately deter others from engaging in the same criminal drug activity that movant involved himself in.  See 18 U.S.C. § 3553(a).  The court also gave movant the "benefit of the doubt" in finding that movant did not have constructive possession of a firearm at issue in the case, and sentenced movant to 262 months imprisonment, which was at the low end of the guideline range of 262 to 327 months, and was shorter than the sentences of movant's co-conspirators.  Sentencing Tr. at 35, 37, 39-40.  There is no basis for movant's contention that his sentence was based on any kind of bias.

D.   <u>Movant's Claims that Counsel Was Ineffective for Failing to Object to Sentencing Enhancements</u>

Movant claims that his counsel was deficient in failing to object to sentencing enhancements the court applied pursuant to USSG §§ 2D1.1(b)(4) and 2D1.1(b)(10)(A) (2009),[3] and failing to appeal such enhancements.[4] A two-level enhancement was applied pursuant to § 2D1.1(b)(4) as a result of the importation of the drugs from Mexico, and another two-level enhancement was applied pursuant to § 2D1.1(b)(10)(A) because of the toxic and flammable nature of the liquid form of methamphetamine that movant and his co-conspirators stored and transported.

First, movant claims that he had no knowledge that the drugs were imported, had no knowledge of the activities of his co-conspirators at the time of importation, that he "was surely not involved in the case where he would be held accountable for the actions of others," and that his attorney should have objected. Memo. at 12. However, the government notes that a defendant need not know that methamphetamine is imported in order to be subject

---

[3] Under the 2009 Sentencing Guidelines, the subsections at issue were (b)(4) and (b)(10)(A). Under the 2012 Sentencing Guidelines, the subsections remain identical substantively, but have been renumbered as (b)(5) and (b)(13)(A). For consistency, the court refers to the sections by the citations from the 2009 Sentencing Guidelines.

[4] Movant had also claimed under this ground that the court erred in applying the enhancements; however, the court's application of the sentencing guidelines cannot be challenged on collateral review. See United States v. Segler, 37 F.3d 1131, 1134. Therefore, the court is addressing only counsel's failure to appeal and object to the alleged errors.

to § 2D1.1(b)(4).  Resp. at 14.  See United States v. Serfass,

684 F.3d 548, 551 (5th Cir. 2012) (holding that the enhancement

"applies irrespective of whether the defendant knew that the

possessed methamphetamine had been unlawfully imported").  In his

reply, movant attempts to distinguish Serfass by arguing that

Serfass involved "the 2010 amendment to the guidelines," while

his case involved another subsection.  However, the two

subsections are substantively identical, containing the same

language and having the same legal effect.  Therefore, movant's

distinction does not apply, and his attorney could not have been

ineffective for failing to make a meritless objection.

     The next objection movant claims his attorney should have

made was to the two level enhancement under § 2D1.1(b)(10)(A),

which addresses the "unlawful transportation, treatment, storage,

or disposal of a hazardous waste," and was applied to movant

because of the hazardous nature of the liquid methamphetamine

involved in movant's offense.  Movant cites U.S.S.G. § 2D1.1

Application Note No. 19 for the proposition that subsection

(b)(10)(A) applies only for violations of certain environmental

laws, and that movant must be found to have violated one of those

laws for the enhancement to apply.  Movant also refers to United

States v. Sauseda, 596 F.3d 279 (5th Cir. 2010), which held that

in order for the toxic emission part of subsection (b)(10)(A) to

apply, the government must prove by a preponderance of the evidence that a defendant violated one of the statutes listed in the application.

The government correctly notes that, while it is unclear whether movant's actions violate one of the listed statutes, movant still cannot show that a successful objection would have favorably altered the outcome of his case. Resp. at 14. Not every procedural error in calculating the sentencing guidelines results in prejudice to the defendant, and an error during sentencing is considered harmless "if the error does not affect the district court's selection of the sentence imposed." United States v. Delgado-Martinez, 564 F.3d 750, 752 (5th Cir. 2009). The government argues that if the enhancement pursuant to subsection (b)(10)(A) had been in error, it would have been a harmless error, as movant's sentence still would have been in the guideline range, albeit at the top of the guideline range.[5] When the court sentenced movant to 262 months, the court explained that it believed that the lengthy sentences in movant's case were justified and necessary given the nature and seriousness of the criminal activity, and noted that movant's sentence was already lower than the sentences of his co-defendants. Sentencing Tr. at

_____

[5] Had the enhancement not applied, movant's guideline range would have been 210 to 262 months.

39-40. The statements of the court throughout movant's sentencing indicate that the court had in mind that a sentence of 262 months imprisonment was appropriate and suitable, and that anything short of 262 months would fail to accomplish the objectives of sentencing and would fail to address adequately all the factors under §3553(a) of the Sentencing Guidelines. Thus, movant cannot show, pursuant to <u>Strickland</u>, that there is a reasonable probability that his sentence would have been lower than 262 months.

IV.

Order

Therefore,

The court ORDERS that the motion of Jose Jesus Horta-Figueroa to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED January 3, 2013.

_____
JOHN McBRYDE
United States District Judge